FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENJAMIN HIGGINS,<br><br>                Plaintiff,<br><br>     v.<br><br>SPOKANE COUNTY, MR. SPARBER, CHAPLAIN, SGT PURCELL, MR. SCOTT, OFFICER SMITH, and LT WIRTH,<br><br>                Defendants. | No.  2:22-cv-00083-MKD<br><br>ORDER OF DISMISSAL |

On April 11, 2022, the Court received Plaintiff's *pro se* civil rights complaint, which was filed along with three other Plaintiffs in Case No. 2:22-CV-00066-MKD.  ECF No. 1.  On April 25, 2022, this Court directed the Clerk of Court to sever the case and ordered the plaintiffs to proceed in four separate civil actions.  No. 2:22-CV-00066-MKD, ECF No. 13.

It appears that at the time the Complaint was filed, Plaintiffs were all prisoners at Spokane County Detention Services.  However, mail addressed to

ORDER OF DISMISSAL - 1

Plaintiff at Spokane County Detention Services, the last address provided, was returned as undeliverable on April 21, 2022. No. 2:22-CV-00066-MKD, ECF No. 10. The mailing envelope that was returned to the Court specified that Plaintiff was "Not in Jail[.]" *Id*. at 1. In the document returned as undeliverable, filed on April 11, 2022, the Clerk of Court had instructed Plaintiff to keep the Court informed of any change of address: "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to receive Court orders and correspondence." No. 2:22-CV-00066-MKD, ECF Nos. 6-9.

This Court's Order Directing Clerk of Court to Sever Case, ECF No. 3, addressed to Plaintiff at Spokane County Detention Services, was also returned as undeliverable on May 9, 2022, ECF No. 4. Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action. LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642-44 (9th Cir. 2002) (discussing factors to

ORDER OF DISMISSAL - 2

consider in dismissing a claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage docket, and the risk of prejudice to defendants).  Plaintiff has failed to keep the Court apprised of his current address.

Accordingly, **IT IS ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**.  The Clerk of Court is directed to enter this Order, **enter judgment**, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** June 22, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3